IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AJ )<br>By his mother and next friend )<br>Aletchia Holland Johnson )<br>525 Florida Avenue, N.W. )<br>Washington, D.C. 20001 )<br> )<br>and )<br> )<br>ALETCHIA HOLLAND JOHNSON )<br>525 Florida Avenue, N.W. )<br>Washington, D.C.  20001 )<br> )<br>    Plaintiffs, )<br> )<br>    v. )<br> )<br>DISTRICT OF COLUMBIA, )<br>A Municipal Corporation, )<br>John A. Wilson Building )<br>1350 Pennsylvania Ave., N.W. )<br>Washington, D.C.  20004 )<br> )<br>and )<br> )<br>Dr. Clifford Janey, )<br>In his official capacity as )<br>Superintendent of the )<br>D.C. Public Schools, )<br>825 North Capitol Street, N.E. )<br>Washington, D.C. 20002 )<br> )<br>    Defendants. )<br>_____) | Civil Action No. |

COMPLAINT FOR JUDICIAL REVIEW AND REMAND
OF ADMINISTRATIVE HEARING OFFICER'S DECISION AND ORDER

Introduction

This action is brought under the Individuals with Disabilities Education Act

(IDEA) as amended, 20 U.S.C. Sections 1400 *et seq.*, seeking review and remand of a

Hearing Officer's Decision and Order, which was issued on June 22, 2005, by the District of Columbia Public Schools Student Hearing Office.  That June 22, 2005 Hearing Officer's Decision and Order incorporated a settlement agreement between the parties.  When the Hearing Officer wrote and issued his Hearing Decision and Order, based on the parties' oral, on the record (audiotape recorded) description of their settlement, he made two errors in setting forth their compensatory education agreement.  First, although he correctly stated that the parties had agreed for D.C. Public Schools to provide 270 hours of in-school tutoring to address the student's needs in auditory processing, phomenic awareness, and reading skills, he misstated the daily amount as one-half hour, rather than one and one-half hours. (Paragraph 3. b) of the Hearing Officer's Order.)  Second, although he correctly stated that the parties had agreed for D.C. Public Schools to provide 108 hours of after-school tutoring, he misstated the weekly amount as five times a week, rather than three times a week, for an hour per time.  (Paragraph 3. c) of the Hearing Officer's Order.)

      Therefore, the plaintiffs are asking this Court to review the matter, and remand it to the Student Hearing Office for the Hearing Officer to issue an amendment correcting these two parts of the Order.[1]

---

[1] Plaintiffs' counsel has also filed (on July 19, 2005), with the D.C. Public Schools Special Education Student Hearing Office, a Post-Hearing Motion to Amend the Hearing Officer's Order to Conform to the Parties' Agreed-Upon Settlement.  Plaintiffs have also requested a copy of the audiotape recording and a transcript of the proceedings in this matter, in order to confirm their understanding of the oral description of the settlement agreement, as provided to the Hearing Officer.

This District Court Complaint is being filed today (July 20), because July 2l, 2005 will be the thirtieth day following issuance of the Decision and Order, and therefore the last permissible day for requesting judicial review.

If the Hearing Officer rules on the pending motion by correcting the errors in paragraphs 3. b) and 3. c), this Complaint will be moot.  Plaintiffs' counsel have asked D.C. Public Schools' counsel to join in the Post-Hearing Motion before the Student Hearing Office, or consent to the relief requested therein, but have not received a reply to this request.

## JURISDICTION

1. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act (as amended, the Individuals with Disabilities Education Improvement Act of 2004), 20 U.S.C.A. Section 1400 *et seq.*, and 28 U.S.C. Section 1331.

## PARTIES

2. Plaintiff AJ is a twelve and one-half year old District of Columbia public school student. He brings this action through his parent and next friend, Ms. Aletchia Holland Johnson.

3. Plaintiff Aletchia Holland Johnson is the mother and custodian of AJ, and brings this action on behalf of her son and in her own right. They are residents of the District of Columbia, living at 525 Florida Avenue, N.W., Washington, D.C. 20001.

4. Defendant District of Columbia, a municipal corporation, is the entity that receives federal financial assistance for elementary and secondary education, and specifically for special education under the Individuals with Disabilities Education Act (as amended, the IDEIA) on an ongoing basis, and in all fiscal years relevant to this case. The District of Columbia controls most financial disbursements and funding for D.C. Public Schools, including but not limited to those funds which are used to pay for special education services for District of Columbia public school students.

5. Defendant Dr. Clifford Janey, the Superintendent of D.C. Public Schools ("DCPS") is sued in his official capacity. As Superintendent, he is responsible for D.C. Public Schools' compliance with the Individuals with Disabilities Education Act (IDEA), (as amended, the IDEIA) and its implementing regulations.

FACTUAL ALLEGATIONS

6. On March 14, 2005, plaintiff Aletchia Holland Johnson filed a due process hearing request, setting forth inter alia a claim against D.C. Public Schools for compensatory education for failing to provide her son with a special education placement from November 19, 2002 (when his charter school determined it could not meet his special education needs) to October 20, 2003 (when Ms. Holland Johnson was able to place her son unilaterally at the Academy for Ideal Education, a private school serving special education students), because despite her repeated requests D.C. Public Schools had failed to provide him with an appropriate placement. Ms. Holland Johnson had specifically reserved this claim for compensatory education relief in an earlier settlement with D.C. Public Schools, in which D.C.Public Schools agreed to place and fund AJ at the Academy for Ideal Education.

7. On April 20, 2005, Ms. Holland Johnson, through her counsel, amended her March 15, 2005 hearing request to also include claims arising out of an Individual Education Program (IEP) meeting for AJ on April 8, 2005. The Student Hearing Office scheduled a hearing on the amended Hearing Request for June 21, 2005.

8. On the morning of the hearing, June 21, 2005, counsel for D.C. Public Schools initiated settlement discussions, and the parties reached a settlement agreement as to all matters contained in the parent's amended Hearing Request, including the claim for compensatory education.

9. As is often the custom, counsel for the parties provided the Hearing Officer with an oral, on the record (by audio tape recording) statement of their agreement, and

4

respectfully requested that he issue a Hearing Officer's Decision and Order incorporating it.

    10.  The Hearing Officer has the authority to award compensatory education to a special education student denied a free, appropriate public education.  <u>Reid v. District of Columbia</u>, 401 F.3d 516, 522 (D.C. Cir. 2005); <u>Diatta v. District of Columbia</u>, 319 F. Supp. 2nd 57, 66 (D.D.C. 2004); <u>Harris v.District of Columbia</u>, 19 IDELR 105, 106-07 (D.D.C. 1992).

    11.  Hearing Officer David R. Smith wrote his decision and order that day, and the Special Education Student Hearing Office issued it the following day, June 22, 2005.

    12.  In that Order, the Hearing Officer made two errors in setting forth the amounts of compensatory education to be provided for the student, as agreed to by the parties (D.C. Public Schools and the parent, Ms. Aletchia Holland-Johnson).

    13.  The first error in the Hearing Officer's Order is contained in paragraph 3. b), which reads as follows, with the underlined portions added to show the language the Hearing Officer omitted:

> Beginning in the Fall of 2005, the student will be entitled to 270 hours of compensatory education <u>in the form</u> of in-school tutoring to address the student's needs in auditory processing, phonemic awareness and reading skills.  The services shall be provided <u>one and</u> ½ <u>hours</u> per day during the school week.  The tutor will work with the speech and language therapist.  Furthermore, DCPS and the parent will mutually agree to the selection of the tutor.  In the event an independent tutor is selected, the rate of reimbursement will be consistent with the Superintendent's cost guidelines.

As a result of the Hearing Officer's omissions, the Order provided for only one-half hour a day of this compensatory, in-school tutoring, rather than the hour and one-half per day

5

the parties had agreed upon, through their counsel. This is paragraph 3. b) of the Hearing Officer's Order.

14. The second error in the Hearing Officer's Order is contained in paragraph 3. c) of the Order, which reads as follows:

> Beginning in the Fall of 2005, the student will be entitled to receive a total of 108 hours of after school tutoring, to be provided at home for 1 hour each day during the school week, by the same tutor providing the in-school services.

However, the parties had agreed to a total of 108 hours of after school tutoring, to be provided at home <u>three days a week, for an hour each time</u>, not all five days of each school week. So in this instance, the Hearing Officer's written Order provided more than the parties had agreed upon, rather than less.

15. In both of these parts of his Order, the Hearing Officer did state correctly the total number of hours agreed upon (270 of in-school tutoring, and 108 of after-school tutoring).

16. If the Order is not amended by the Hearing Officer to correct these two errors, the plaintiffs will not receive the benefit of the bargain they made with D.C. Public Schools in agreeing to settle the case, specifically what they believe is the appropriate compensatory education relief for the denial of a free appropriate public education to AJ for approximately ten months.

<u>CLAIM FOR RELIEF</u>
(Violation of 20 U.S.C. Section 1415-
Inadequate Remedy for Denial of a Free Appropriate Public Education, and
Remedy Inconsistent in Two Respects with the Parties' Negotiated Settlement)

17. Plaintiffs incorporate the allegations of paragraphs One to Sixteen, above, as

if fully restated here.

18. Paragraphs 3. b) and 3. c) of the Hearing Officer's Order do not provide the remedy the parties agreed upon in settling the claim for D.C. Public Schools' violation of AJ's rights to a free, appropriate public education under the Individuals with Disabilities Act, as amended the Individuals with Disabilities Education Improvement Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs ask this Court to:

1. Review the record in this matter;

2. Remand the matter to the District of Columbia Public Schools Special Education Student Hearing Office, with a request that the Hearing Officer review the audiotape and transcript and amend paragraphs 3. b) and 3. c) of the Order to conform to the parties' oral statement of their agreement in settling the case.

3. For such other relief as may be deemed just and reasonable.

Respectfully submitted,

_____
Laura Macklin   #229740
Family Advocacy Clinic
Georgetown University Law Center
111 F Street, N.W.   Room 312
(202) 662-9542 (phone)
(202) 662-9634 (fax)

Counsel for Plaintiffs